**IT IS ORDERED as set forth below:**

**Date: September 30, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | CASE NUMBERS |
| HENRY C. HARDIN, III | : | BANKRUPTCY CASE |
| | : | 18-70395-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| ZURICH AMERICAN INSURANCE CO., | : | ADVERSARY PROCEEDING |
| AMERICAN ZURICH INSURANCE CO., | : | NO. 19-05145-LRC |
| THE ZURICH SERVICES CORP., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HENRY C. HARDIN, III, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

**<u>ORDER</u>**

Before the Court is Plaintiffs' Motion to Strike Hardin's Unauthorized Surreply

(the "Motion") (Doc. 19). The Motion is opposed by Defendant. Plaintiffs argue that the surreply should be struck because Defendant did not first obtain leave of the Court, as is required. Second, Plaintiffs argue that the Court would not have granted leave if Defendant had requested leave because a surreply is appropriate only if the reply to which it is responding introduced new arguments or issues, and Plaintiffs' reply did not.

As a preliminary matter, the parties disagree as to whether the Court's local rules prohibit the filing of a surreply without leave of Court. Defendant is correct that the rules do not explicitly prohibit the filing of a surreply. On the other hand, neither do they expressly permit the filing of a surreply.

BLR 7007-1(d) expressly permits the movant to file a reply, but it does not address the filing of a surreply. BLR 7007-1(d). Courts in this district have interpreted the rule to require leave of court to file a surreply. *See, e.g., McInnis v. William D. Ford Direct Loan*, Case No. 10-6583 (Bankr. N.D. Ga. Nov. 2, 2012) (denying a motion for leave to file a surreply) (Murphy, J.); *Citrus Tower Boulevard Imaging Center, Inc. v Key Equipment Finance, Inc.*, Case No. 14-5105 (Diehl, J.) ("Based upon Debtor's failure to seek leave to file the sur-reply brief, the Court has exercised its discretion pursuant to Bankruptcy Local Rule 7007-1(h) to limit its consideration to the response and reply."); *Gordon v. Harman*, 512 B.R. 321 (Bankr. N.D. Ga. Mar. 31, 2014) (Murphy, J.) (granting in part a motion for leave to file a surreply).

2

"While parties typically must obtain permission from the Court before filing surreplies, the Court may excuse a party's failure to do so and consider the brief regardless." *See Hill v. Ford Motor Co.,* 2014 WL 916486, at *6 n.5 (N.D. Ga. Mar. 10, 2014) (citing *Brannen v. United States*, 2011 WL 8245026, *1 n.1 (N.D. Ga. Aug.26, 2011) (Murphy, J.)). The decision to grant such leave "is purely discretionary" and the Court should generally do so only "when 'a valid reason for such additional briefing exists.'" *Harman*, 512 B.R. at 335 (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777 (11th Cir.2008)). "Valid reasons include 'where the movant raises new arguments in its reply brief.'" *Id*.

In response to the Motion, Defendant asserts generally that, if the Court concludes that he was required to seek leave, the Court should grant him such leave, *nunc pro tunc*, because of the serious and hotly contested nature of the litigation, which seeks a determination that a debt of $18.1 million is nondischargeable in derogation of the important bankruptcy purpose of providing debtor's with a "fresh start." "[T]he Court will deny [Plaintiffs'] motion to strike" because Defendant's "surreply is limited in scope, it expounds upon issues already touched upon in the parties' briefs," and Defendant does not oppose the Plaintiffs' filing of a response to his surreply, and the opportunity to respond will ameliorate the prejudice to Plaintiffs in not having the "last word." *Gemini Ins. Co. v. Stafford Transp., Inc.*, 2016 WL 4582071, at *2 (N.D. Ga. May 27, 2016), *aff'd*

3

*sub nom. Gemini Ins. Co. v. Castro*, 723 F. App'x 797 (11th Cir. 2018)) (citing FED. R. CIV. P. 7 )).

The Court agrees with Defendant that this litigation is complex and deserving of the Court's full consideration of all arguments and points the parties deem important to make. The Court has full confidence that it can consider Defendant's surreply and any response filed by Plaintiffs without running the risk of putting "the [C]ourt in the position of refereeing an endless volley of briefs." *Thomas v. First Magnus Fin. Corp.*, 2009 WL 10712203, at *2 (N.D. Ga. Mar. 10, 2009). "Thus, although the Court is not obligated to consider [Defendant's] surreply, . . . in its discretion the Court has decided to consider the arguments raised in both [Defendant's] surreply" and in any response to the surreply Plaintiffs should choose to file. *Gemini Ins. Co.,* 2016 WL 4582071, at *2.

For the reasons stated above,

IT IS ORDERED that the Plaintiffs' Motion to Strike Hardin's Unauthorized Surreply (Doc. 19) is **DENIED**;

IT IS FURTHER ORDERED that Defendant is granted leave, retroactively, to file the surreply;

IT IS FURTHER ORDERED that, within thirty (30) days from the date of the entry of this Order, Plaintiffs may respond to Defendant's surreply, but no response shall be required, and, otherwise, no further briefs shall be filed by either party without leave of

4

the Court.

# END OF DOCUMENT

**Distribution List**

Elizabeth Campbell
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305

Steven T. Whitmer
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

Julie L. Young
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

Leon S. Jones
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

Leslie M. Pineyro
Jones and Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

Henry C. Hardin, III
3245 Town Manor Circle
Dacula, GA 30019